UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE A. CORLEW,                               Case No. 12-10004

              Plaintiff,                    Patrick J. Duggan
v.                                              United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                Michael Hluchaniuk
                                                United States Magistrate Judge

              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 14)**

## I.  PROCEDURAL HISTORY

### A.  Proceedings in this Court

On January 2, 2012, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to

the undersigned for the purpose of reviewing the Commissioner's decision

denying plaintiff's claim for a period of disability, disability insurance, and

supplemental security income benefits.  (Dkt. 2).  This matter is before the Court

on cross-motions for summary judgment.  (Dkt. 8, 14).

### B.  Administrative Proceedings

Plaintiff filed the instant claims on February 26, 2007, alleging that her

disability began on September 1, 1989. (Dkt. 6-2, Pg ID 39). The claim was initially disapproved by the Commissioner on July 11, 2007. (Dkt. 6-2, Pg ID 39). Plaintiff requested a hearing, which was held on October 1, 2009. (Dkt. 6-2, Pg ID 39). In a decision dated January 8, 2010, ALJ Regina Sobrino found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 39-47). Plaintiff requested a review of this decision on January 10, 2010. (Dkt. 6-2, Pg ID 34). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on November 2, 2011, denied plaintiff's request for review. (Dkt. 6-2, Pg ID 25-27); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

 In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was 44 years of age at the time of the most recent administrative

hearing.  (Dkt. 6-2, Pg ID 46).  Plaintiff's had past relevant work history as a

cashier and lunch monitor.  (Dkt. 6-2, Pg ID 46).  The ALJ applied the five-step

disability analysis to plaintiff's claim and found at step one that plaintiff had not

engaged in substantial gainful activity since the alleged onset date through the last

date insured of December 31, 1992.  (Dkt. 6-2, Pg ID 41).  At step two, the ALJ

found that plaintiff's degenerative joint disease, degenerative disc disease, carpal

tunnel syndromes, obesity, fibromyalgia, and fibromyositis were "severe"

impairments within the meaning of the second sequential step.  (Dkt. 6-2, Pg ID

41).  At step three, the ALJ found no evidence that plaintiff's combination of

impairments met or equaled one of the listings in the regulations.  *Id*.  At step four,

the ALJ found plaintiff, through the last date insured, could perform light work

with the following limitations: lifting/carrying up to five pounds frequently and 10

pounds occasionally; no pushing/pulling of more than five pounds; standing/

walking up to six hours per eight-hour workday; sitting up to six hours per eight-

hour workday, with the opportunity to alternate position for up to five minutes

approximately every 15 minutes; no climbing of ladders; occasional climbing of

stairs; occasional stooping and crouching; no crawling; frequent handling,

fingering, and feeling; no constant pinching or squeezing; no reaching above

shoulder level and no more than frequent reaching in other directions; no exposure

to hazards; no exposure to vibration; no exposure to extremes of temperature or

humidity; and the ability to wear wrist braces while working.  (Dkt. 6-2, Pg ID

44).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform

a significant number of jobs available in the national economy.  (Dkt. 6-2, Pg ID

46).

      B.    <u>Plaintiff's Claims of Error</u>

      Plaintiff's brief is, to the say the least, sparse and difficult to follow.

Plaintiff seems to be arguing that because the ALJ failed to appropriately account

for her pain and the side effects of her pain medications, the hypothetical question

posed to the ALJ was inaccurate and cannot be relied on as substantial evidence.

Plaintiff cites plaintiff's testimony in support of her argument and points to

nothing else in the record to support this claim of error.  In addition, plaintiff

perfunctorily alleges that she testified to "severe depression" but the ALJ failed to

include "any of this" in the hypothetical question.  Therefore, plaintiff contends

that the hypothetical question posted to the VE was "not based on the entire

record."  Finally, plaintiff asserts that the VE testified that she could perform

certain jobs that cannot be found in the Dictionary of Occupational Titles, along

with other "errors" in the identification of particular jobs or whether they properly

fit the hypothetical posed.

C.    <u>Commissioner's Motion for Summary Judgment</u>

While plaintiff appears to challenge the ALJ's assessment of her credibility, the Commissioner contends that the ALJ gave strong reasons for concluding that plaintiff's testimony was less than fully credible.  He noted that plaintiff's complaints were inconsistent with the objective medical evidence; and plaintiff does not point to any medical evidence that is consistent with her allegations of disability.  Rather, the Commissioner points out that the medical records stated that she walked 2-3 miles per day in 1991 and later was doing well with no problems.  (Tr. 21, 298-99).  While plaintiff claimed that she had marked problems in cognitive functioning (Tr. 41), there is no indication of this from the medical record.  And, while plaintiff testified that she had been taking narcotics like Percodan (oxycodone with aspirin) (Tr. 38), a 1989 report identified only non-narcotic medications like Naprosyn (naproxen) and Voltaren (diclofenac). (Tr. 186).  A 1987 report listed plaintiff's only pain medication as "occasional Darvocet."  (Tr. 187).  Even in 2005, the Commissioner points out that plaintiff's records show that she was only on Lodine (etodolac).  (Tr. 323).  Thus, the Commissioner asserts that plaintiff's complaints of marked cognitive problems are not supported by the medical record, and the record suggests that her medication use was much more conservative than she implied in her testimony.

According to the Commissioner, statements from doctors also supported the ALJ's rejection of plaintiff's testimony.  For example, an orthopedic surgeon recommended in 1989 only that plaintiff not lift anything overhead or heavier than 20 pounds.  (Tr. 191).  The orthopedic surgeon conducting that examination did not think plaintiff had an orthopedic impairment at all.  (Tr. 189).  The doctor writing the 1987 report, a neurologist at the Mayo Clinic, found no convincing evidence of any nerve root compression or entrapment, noting that a EMG was negative.  (Tr. 193).  He believed plaintiff would "do well with conservative measures and appropriate modifications of her activities."  (Tr. 193).  A 1986 report concluded that plaintiff had "[p]ossibly a mild carpal tunnel syndrome" and suggested avoiding heavy lifting or repetitive squeezing.  (Tr. 197).  A state agency physician reviewed the records and concluded plaintiff could do light work with some manipulative limitations.  (Tr. 366, 368).

Based on the foregoing, the Commissioner contends that the ALJ reasonably concluded that plaintiff did not have a severe mental impairment prior to December 31, 1992.  (Tr. 19).  If this conclusion is supported by substantial evidence, then the Commissioner also argues that it follows that the ALJ was not required to include any mental limitations in his residual functional capacity.  As the Commissioner points out, plaintiff bore the burden of demonstrating that she had the severe impairment of depression prior to the end of 1992, but offers

nothing but her own testimony to support her assertion.  For example, the state agency psychologist reviewed the record in 2007 and determined there was insufficient evidence to establish a mental impairment prior to the date last insured. (Tr. 350-51).  Further, the Commissioner points out that  there is very little in the record about plaintiff's mental condition at all, particularly prior to the date last insured.  Plaintiff's neurologist conducted some mental status testing during a neurological examination, which was normal.  (Tr. 419).  A review of systems in 2005 recorded no psychiatric problems.  (Tr. 322).  Plaintiff offers nothing but her own statement of symptoms, which could not be enough to establish an impairment even if the ALJ fully believed that testimony, which he did not.  *See* 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms.").

The Commissioner also urges the Court to reject plaintiff's argument that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles for several reasons.  First, a vocational expert need not use the exact same terminology as the Dictionary.  *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009).  Thus, plaintiff's assertion that the exact title "visual inspector" is not found in the DOT is irrelevant.  According to the Commissioner, plaintiff has apparently picked out specific job titles in the DOT

that involve more-than-unskilled work or are otherwise inconsistent with plaintiff's RFC. The Commissioner points out, however, that the mere fact that some possible job titles in the DOT are inconsistent with the vocational expert's testimony does not mean that the expert's testimony is inconsistent with the DOT as a whole. *See Beinrich v. Comm'r of Soc. Sec.*, 345 Fed.Appx. 163, 168 (6th Cir. 2009) (holding that where vocational expert testified that an individual with plaintiff's limitations could work as an office clerk, inspector, or tester, "[t]he fact that some occupations with the terms 'office clerk,' 'inspector,' and 'tester' were listed in the [Dictionary] with different levels of skill and exertion does not change the result").

As for plaintiff's speculation that retail sales workers cannot alternate positions, the Commissioner contends that such speculations are not evidence, while the testimony of a sworn vocational expert is evidence. And, if plaintiff believed the vocational expert testified incorrectly, she could have challenged the expert at the hearing, but did not. As for clerk and inspector positions, the DOT provides an exhaustive list of different categories of clerks and inspectors, and as noted above, the vocational expert need not have used the precise terminology or categories of the DOT for her answer to be consistent with the DOT. Additionally, the Commissioner notes that plaintiff does not challenge the vocational expert's identification of 1,250 surveillance-system monitor jobs,

which are sufficient alone to support the ALJ's decision.  *See e.g.*, *Lee v. Sullivan*, 988 F.2d 789 (7th Cir. 1993) (citing circuit court cases concerning significant numbers, including cases holding 174, 500, 850-1000, 1266, and 1350 jobs to constitute a significant number); *Martin v. Comm'r of Soc. Sec.*, 170 Fed.Appx. 369, 375 (6th Cir. 2006) (870 jobs).

The final problem the Commissioner points out with plaintiff's DOT argument is that she did not raise it before the ALJ.  As the Sixth Circuit has noted, "the ALJ is under no obligation to investigate the accuracy of the [vocational expert's] testimony beyond the inquiry mandated by SSR 00-4p" (i.e., the ALJ's duty to ask the vocational expert about conflicts between her testimony and the Dictionary).  *Beinrich*, 345 Fed.Appx. at 168.  According to the Commissioner, it is undisputed here that the ALJ asked the vocational expert whether her testimony was consistent with the DOT, and the expert testified that it was.  (Tr. 38).  "Further, even if a conflict existed, the ALJ inquired properly if the [expert's] testimony was consistent with the DOT and was given a response in the affirmative.  Therefore, the ALJ met her obligation under SSR 00-4p and there was no error relying on the positions the [expert] offered."  *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010).  The obligation for further investigation "falls to the plaintiff's counsel, who had the opportunity to cross-examine the [expert] and bring out any conflicts with the [Dictionary].  The fact that plaintiff's

counsel did not do so is not grounds for relief." *Beinrich*, 345 Fed.Appx. at 168.
Thus, according to the Commissioner, even if plaintiff's argument had any merit,
the Court should require plaintiff's attorney to cross-examine the expert at the
hearing rather than sandbag the expert later.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system
in which the administrative agency handles claims, and the judiciary merely
reviews the agency determination for exceeding statutory authority or for being
arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The
administrative process itself is multifaceted in that a state agency makes an initial
determination that can be appealed first to the agency itself, then to an ALJ, and
finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is
not found during this administrative review process, the claimant may file an
action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final
administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this
statute is limited in that the court "must affirm the Commissioner's conclusions
absent a determination that the Commissioner has failed to apply the correct legal
standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

Report and Recommendation
Cross-Motions for Summary Judgment
*Corlew v. Comm'r*; Case No. 12-10004

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc.*

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

     B.     <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.

> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.

> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of

Report and Recommendation
Cross-Motions for Summary Judgment
*Corlew v. Comm'r*; Case No. 12-10004

his or her age, education, and work experience, benefits
are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where

Report and Recommendation
Cross-Motions for Summary Judgment
*Corlew v. Comm'r*; Case No. 12-10004

substantial evidence supports the ALJ's decision, it must be upheld.

C.   <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the claim that the ALJ committed a variety of errors, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). Plaintiff's arguments are so woefully underdeveloped that they need not be considered any further.

In addition, the undersigned agrees with the Commissioner that the ALJ's decision is supported by substantial evidence. Plaintiff's arguments regarding the various flaws in the vocational expert's testimony are barred because plaintiff did not raise those issues at the hearing. The ALJ fully complied with the obligation to inquire as to consistency with the DOT and nothing else is required in this regard. *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010).

There is also a dearth of medical evidence to support plaintiff's claim of a mental impairment during the period under consideration. The ALJ went beyond the time frame at issue and still, there was virtually no evidence to support this claimed impairment. Plaintiff cites nothing but her own testimony and fails to cite any authority suggesting that the ALJ was required to accept this testimony at face value in light of the lack of evidence to support plaintiff's claimed impairment.

Plaintiff's credibility argument fails for similar reasons. The medical evidence of record during the relevant time frame shows very little in the way of functional limitations and anything supported by the record was accounted for in the ALJ's RFC. While plaintiff contends that the ALJ failed to fully accept her testimony, plaintiff points to nothing in the record to support the claimed level of impairment and certainly has not cleared the high hurdle required to disturb an ALJ's credibility findings. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.")

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

Report and Recommendation
Cross-Motions for Summary Judgment
*Corlew v. Comm'r*; Case No. 12-10004

rule without awaiting the response.

Date: February 19, 2013                    s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on February 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Lynn Dodge, AUSA, and the Commissioner of Social Security.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7850
                                            tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Corlew v. Comm'r*; Case No. 12-10004